THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

Jason H. Hill Pro Se,
Plaintiff

vs.                                              Civil Case No.
                                                 1:03-Cv-1240

Nancy Flavin, Assist. Clerk-Magistrate
   Ware District Court, Ware, Mass., et al       Judge Wolf
Defendants

## MOTION TO AMEND COMPLAINT
## FOR RELIEF

Plaintiff, Jason Harry Hill appears though Pro-se in the above styled action, and pursuant to the Federal Rules and of Civil Procedure, files this amended complaint, and further shows as follows:

### INTRODUCTION AND STATEMENT OF
### JURISDICTION AND VENUE

The present action against Defendants Nancy Flavin, Assistant-Clerk Magistrate, Ware District Court, et al for monetary damages and other legal and equitable relief.

1. Plaintiff is a long-distance trucker and on December 18, 2003 he was able to get his dispatcher to dispatch a run to Ware, Massachusetts so he could attend the hearing set for 1:00 p.m. on

1

the date instant. Plaintiff, attended the hearing, and at 1:07 filed for an appeal based on the results of the hearing, paid the $20.00 fee for the appeal (copy of receipt is attached). At that time he was told by the Clerk he did not have to pay any fines, as the result of the hearing he had just been to, until a verdict was reached on appeal. On subsequent papers Ms. Flavin has indicated that I failed to appear although there were enough witnesses to prove that I was there including Officer Topor and the Bailiff, whose name I have not been able to obtain from the Court at Ware, and a copy of the receipt for the appeal. (See Exhibit A).

Also on the attached Exhibit A it will be noted that Nancy Dusck-Gomez, First Justice, held a hearing on 3/26/04, which Plaintiff was told by the U. S. District Court that he did not have to attend as Ware District Court no longer had jurisdiction. The First Justice at Ware has also filed the result of that hearing with the Commonwealth of Massachusetts, Registry of Motor Vehicles, with the result that my license being revoked 6/2/04.

Plaintiff is a long-distance truck driver and revocation of my license, no matter the length of time, has in effect put Plaintiff out

of work. This is Plaintiff's only means of livelihood since he has been driving a truck for over 12 years.

2. Plaintiff brings this action pursuant to and under the provisions of the United States Code Civil Rights Act 1871, 1983 and 1991.

3. First Justice Nancy Dusck-Gomez, Asst. Clerk-Magistrate, Officer Topor and Officer Harder intentionally and/or with reckless indifference violated Plaintiff's legal rights by:

   a. First Justice Dusck-Gomez did, under "color of law" and not by statute or law, deliberately and with malice of forethought, held a hearing on 3/26/04 and proceeded to carry out the charges accompanying a verdict of guilty, putting the Plaintiff's livelihood in jeopardy.

   b. Assist. Clerk-Magistrate Flavin did, under "color of law" deny Plaintiff "due process" and "equity under the law" by denying a jury trial, entering heresy evidence, denying entry of evidence by Plaintiff, and facing his accuser.

   c. Officer Harder with full force of Police Power did write a citation forcing a contract under duress and color of law. By not appearing in court for the hearing on 12/18/03 he attributed to deprivations of rights, privileges or immunities. Plaintiff

was denied the opportunity to cross examine his oral and written statements, all of which rights are guaranteed under the United States Constitution, the Constitution of Massachusetts and other state and federal laws. Officer Harder, and the other Defendants to this case must be held liable to the party injured i.e. the Plaintiff in an action at law and equity.

d. Officer Topor by acting as a liaison officer of the court did aid and abet the actions of the court during the hearing in denying "due process" and "equity under the law". He also did knowing and willing enter heresy evidence.

e. Nancy Duser-Gomez, District Justice, James H. Bloom, Clerk-Magistrate, although not appearing in the hearing held on 12/18/04, did knowingly and willingly approve of the manner in which the hearing on December 18, 2003 was conducted. The Defendant Nancy Flavin told Plaintiff, at a later date, she had been handling hearings in this manner for twenty odd years.

f. Defendants Tom Reilly, Attorney General, and Elizabeth Scheibal, District Attorney for Northwestern District, as equally responsible for how the courts are Managed as

    it is their responsibility for decisions and rulings that are used as guidelines for the court system to follow.

g. The Plaintiff in this matter under U.C.C. 1-207.4 reserves his rights in this matter "without prejudice".

h. The Plaintiff was injured and discriminated against due to the conduct in denying rights guaranteed to him under the U. S. Constitution under 1st, 4th, 5th, 6th, 7th, 13th and 14th Amendments, the Bill of Rights, the Civil Rights Act 1871, 1983 and 1991, and the Constitution of the Commonwealth of Massachusetts Secs. 1, 2, 4, 7, 9, 11, 13, 17, 18, 26, and 28, with the possible infraction Title 18, Par I, Ch. 13, Sec. 241,242.

h. The Plaintiff was also denied "due process" and "equity under the law" by having a jury trial denied, ignoring a motion for discovery, and denying a court reporter.

i. Plaintiff was put in the position of being forced to plead "guilty" or "not guilty" without benefit of being able to prove his guilt or innocence. The Registry of Motor Vehicles informed Plaintiff that he could bring any and all information he wanted to bring to the hearing and it would be entered.

Ms. Flavin denied this right.

## FAILURE TO ACCOMMODATE

j. Plaintiff further re-alleges all the paragraphs in his complaint(s) in the Notice of Removal dated 3/22/04 as if fully written herein.

k. Denying a court reporter Plaintiff could not gather a fair report for use in the appeal process which did hurt and injure the Plaintiff mentally and physically depriving life, liberty and property all of which was jeopardized under color of law.

l. It is hard to fathom that Elizabeth Scheibal, District Attorney was not made aware of the Notice of Removal, especially in view of the fact that the court in Ware did not appear to know what it was. Evidentially her advice and input was lacking, or she let the court to its own devices in justifying malicious acts..

9. The citation under Massachusetts Statutes is considered a preponderance of evidence, the Plaintiff's chances of arguing his case without "due process" and "equity under the law", including the gathering of evidence or witnesses in his behalf negates his ability to defend himself.

10. Plaintiff is a hard working truck driver and has not lost his license hurt or injure anyone or had any accidents in a tractor-trailer in 12 years.

11. On May 25, 2004 the Plaintiff called Ware, Massachusetts to confirm that the case had been removed from the docket in lieu of the fact that the case had been removed to the U.S. District Court and Ware no longer had jurisdiction at this time over his case. Nancy Flavin informed him that she had no idea what the papers were, she had never seen Notice of Removal in all her twenty odd years. She further informed the Plaintiff that the First Justice in Ware would decide if she was going to accept the Notice of Removal. As it so happens the First Justice Dusck-Gomez Justice decided to ignore the Notice of Removal and held a hearing on May 26, 20004. She found the Plaintiff guilty, since he did not appear (and was no required to do so since the case was now in the U.S. District Court). She sent instructions to the Commonwealth of Massachusetts, Registry of Motor Vehicles, to revoke the Plaintiff's driving license. This has the effect of the Plaintiff losing his job since his license covers his Commercial Drivers license (a/k/a C.D.L.)

## FACTS

11. The Plaintiff, Pro Se, filed a claim under Civil Rights Act. 42 U.S.C. 1871, 1983 with the U.S. District Court on May 23, 2004.

12. This case is a civil action for injunctive relief and damages brought pursuant to the Civil Rights Act 1871, 1983 and 1991, the United States Constitution, the Bill of Rights, and the Constitution of the Commonwealth of Massachusetts.

13. As a direct and proximate result of First Justice Dusck-Gomez intentionally, willfully, wantonly, with malicious acts omissions, retaliations and discrimination against Plaintiff, and self respect set forth herein, Plaintiff has sustained or will sustain (if jurisdiction is not complied with) injuries and damages including but not limited to lost wages, time with family, also suffering from emotional distress, mental anguish, humiliation, depression, all of which entitle him to judgment as a matter of law.

14. The Defendants are obligated, by law, and took an oath before entering office <u>to protect and defend</u> The United States Constitution, including the 14th Amendment, and the

Constitution of Massachusetts.

15. As a direct proximate result of Assist. Clerk-Magistrate, Officers Topor and Harder collective misconduct, and the other Defendants by tacit approval or by neglect of how a proper court should be run, participated an illegal prosecution of Plaintiff. As a result, Plaintiff has suffered economic and emotional harm in Addition to other damages and is entitled to judgment as a matter of law.

16. Dusck-Gomez, First Justice also allegedly violated U.S.C. TITLE 18 241/242 by using the Power of her Office to enforce malicious acts upon the Plaintiff.

17. Under the Civil Rights Act. 1983, 1871, Defendants Flavin, Topor Harder and Dusck-Gomez conducted, with the direct approval of violations by the other Defendants listed in this matter, did in direct defiance of the law listed above, and using "color of law" committed acts to deprive, conspire and depress Plaintiff of his Constitutional immunities and rights given by God and the Constitutions listed above.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff, Jason Harry Hill, requests that this Honorable Court issue against Defendants Nancy Flavin, Asst. Clerk-Magistrate, et al in favor of Plaintiff, an award that fully compensates Plaintiff for all compensatory damages. including back pay for the time lost to conduct trips to Massachusetts and time to , incidental and consequential damages, punitive damages, and compensation for pain, suffering, and loss of reputation; and any and all other equitable and monetary relief as justice requires; including any further relief that this Honorable Court deems just and proper; proximately because of Defendants illegal and unjust practices i in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

WHEREFORE, Plaintiff, Jason Harry Hill further requests that this Honorable Court issue an order compelling the Defendants to this action to cease and desist in its discriminatory, retaliatory, and unlawful conduct towards Plaintiff, as alleged above.

WHEREFORE, Plaintiff further requests this Honorable Court that all pleas, motions and/or rulings be granted with prejudice.

Respectfully submitted,

*Jason Harry Hill*

Jason Harry Hill, Pro Se

07/25/03

WARE DISTRICT COURT
OFFICE OF THE CLERK-MAGISTRATE
71 SOUTH ST  PO BOX 300
WARE, MA 01082-0300
(413) 967-3301

THE HEARING YOU REQUESTED HAS BEEN SCHEDULED ON
DATE _Nov. 20, 2003_ TIME _9:00 AM_ AT THE COURT ABOVE.
IF YOU FAIL TO APPEAR, YOU WILL LOSE YOUR RIGHT TO A HEARING.

_Dec 18th 1:00 pm_

HILL, JASON H
2781 RAYMOND AVE
LATRUBE, PA 15650

CITATION NO:  CITATION DATE   ACCIDENT
   K3833691      07/03/03        NO

VIOLATION TYPE:  OPERATOR

LOC: WARE                OFF ID: 02
OFF: NOT ON FILE
PD:  WARE POLICE DEPT.

LIC: 21717508
ST:  PA    CL:     EXPIR:

REG NO: AE12738   MAKE:
ST: PA            EXPIR:

90 18      SPEEDING              $90


TOTAL AMOUNT ON CITATION        $115

54 MPH IN A  40 MPH ZONE

IF FOUND RESPONSIBLE AFTER HEARING:
   MAKE CHECK PAYABLE TO:
   REGISTRY OF MOTOR VEHICLES

   MAIL THIS FORM AND CHECK TO:
   RMV CITATIONS-PAYMENTS
   REGISTRY OF MOTOR VEHICLES
   POST OFFICE BOX 199125
   ROXBURY, MA 02119-9125

THIS FORM AND YOUR CHECK MUST BE
RECEIVED BY THE RMV WITHIN 20 DAYS
FROM THE JUDGMENT DATE UNLESS AN
ALTERNATE DUE DATE WAS ORDERED BY
THE COURT.

**NO CONTINUANCES WILL BE GRANTED**

Directions to Ware District Court

From Route 9 going East: Take Route 9 into Ware. This brings you to the Main Street. At the 2nd set of lights, take a right onto South Street. The court is 1/2 mile on the right.

From Route 9 going West: Take Route 9 into Ware. At the first set of lights, take a left. The Court is 1/2 mile on the right.

From Mass Turnpike: Get off exit 8 (Palmer exit). Take a left onto Rt. 32 N. Follow into Ware (about 10 miles). This brings you to the Main St. in Ware. At the 2nd set of lights, take a right onto South Street. The Court is 1/2 mile on the right.

07/25/03

WARE DISTRICT COURT
OFFICE OF THE CLERK-MAGISTRATE
71 SOUTH ST  PO BOX 300
WARE, MA 01082-0300
(413) 967 3301

THE HEARING YOU REQUESTED HAS BEEN SCHEDULED ON

DATE *Nov. 20, 2003*  TIME *9:00 AM*  AT THE COURT ABOVE.

IF YOU FAIL TO APPEAR, YOU WILL LOSE YOUR RIGHT TO A HEARING.

*Dec 18, 2003 1:00pm*

HILL, JASON H
2731 RAYMOND AVE
LATROBE, PA 15650

6749A000012/18/03NOVO   20.00

---

CITATION NO:   CITATION DATE   ACCIDENT
 K2838691          07/03/03        NO
VIOLATION TYPE:  OPERATOR

LOC: WARE                    OFF ID: 02
OFF: NOT ON FILE
PD:  WARE POLICE DEPT.

LIC: 21717505
ST: PA    CL:        EXPIR:

REG NO: AE12738   MAKE:
ST: PA            EXPIR:

90 18    SPEEDING               $90


TOTAL AMOUNT ON CITATION      $115


         54 MPH IN A    40 MPH ZONE


IF FOUND RESPONSIBLE AFTER HEARING:

   MAKE CHECK PAYABLE TO:
   REGISTRY OF MOTOR VEHICLES

   MAIL THIS FORM AND CHECK TO:
      RMV CITATIONS-PAYMENTS
      REGISTRY OF MOTOR VEHICLES
      POST OFFICE BOX 199125
      ROXBURY, MA 02119-9125

THIS FORM AND YOUR CHECK MUST BE
RECEIVED BY THE RMV WITHIN 20 DAYS
FROM THE JUDGMENT DATE UNLESS AN
ALTERNATE DUE DATE WAS ORDERED BY
THE COURT.

---

COURT USE ONLY AFTER HEARING
MAGISTRATE CONDUCTING HEARING
*Nancy Stevens*

"X" IF VIOL. FAILED TO APPEAR (X)
"X" IF VIOL. WAIVED HEARING   ( )

AMOUNT
ORDERED    JUDGMENT    DATE
$ 90        R          12/18/03
$
$
$

$ 115        TOTAL AMOUNT DUE
ALTERNATE DUE DATE: _____

JUDGE CONDUCTING APPEAL (IF ANY)

"X" IF VIOL. FAILED TO APPEAR (✓)
"X" IF VIOL. WAIVED HEARING   ( )

AMOUNT
ORDERED    JUDGMENT    DATE
$ 90        R          3/26/04
$
$ 25
$ 115       TOTAL AMOUNT DUE
ALTERNATE DUE DATE: _____