```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS


JASON H. HILL,                  )
     Petitioner                 )
                                )
     v.                         )    C.A. No. 03-12420-MLW
                                )
COMMONWEALTH,                   )
     Respondent.                )
```

MEMORANDUM & ORDER

WOLF, D.J.                                          June 18, 2004

For the reasons stated below, this proceeding shall be remanded back to Ware District Court and this action shall be dismissed.

I. BACKGROUND

On November 13, 2003, petitioner Jason Hill, a resident of Latrobe, Pennsylvania, filed an application to proceed without prepayment of fees and a notice of removal. The petition is far from clear, but it appears that Hill received a traffic citation for speeding on July 3, 2003. Petition, Ex. I (copy of citation). Hill requested a hearing from the Merit Rating Board to contest the citation, and was informed that a hearing would be held at Ware District Court. Id. Ex. II (7/23/03 Merit Rating Board Notice).

Hill complains that he has requested a "jury trial," but has received "no answer" and that he has submitted discovery requests but has not received any response. Id. at ¶¶ 3-6, 8-10. He seeks

a jury trial in this court for "violations of due process" or a dismissal of the state proceedings. Id. at ¶10.

On February 13, 2004, Hill submitted a letter to the court, attaching a copy of a letter he sent to the Committee on Professional Responsibility for Clerks of the Court. In the letter, Hill states that he seeks to remove the state traffic violation proceedings because "my Civil Rights were abrogated or negated on what I conceive [to be] an improperly held judicial hearing. Docket No. 2.

On March 22, 2004, Hill submitted an "Amendment to Notice of Removal," in which he names two officers and an assistant clerk-magistrate of Ware District Court as "defendants." Hill states that he wishes to file a complaint pursuant to 42 U.S.C. §1983, and alleges that his Fourteenth Amendment rights have been violated (1) by the seizure of his tape recorder at the Ware District Court; (2) his inability to file papers during the traffic violation proceedings; (3) the fact that the hearing was "closed"; (4) because he allegedly was not able to question a police officer at the hearing; and (5) because he was not allowed to enter a "without prejudice" plea to the ticket. Amendment, p. 2-5.

On May 17, 2004, the petitioner filed a number of additional filings, including: a Motion to Amend Complaint for Relief, a Motion for Joinder of Parties to this Lawsuit, a declaration in support of the Motion for Notice of Removal, and a Motion for

Emergency Meeting.

II. ANALYSIS

   A. <u>Petitioner Has Not Alleged a Sufficient Basis For Removal</u>

   Section 1441 of title 28 provides:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by <u>the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a) (emphasis added). Under 28 U.S.C. §1447(c), this court may examine a notice of removal to determine if removal is proper. If it appears that this court lacks subject-matter jurisdiction, the court must issue an order for summary remand. 28 U.S.C. §1447(c); <u>Adorno Enters., Inc. v. Federated Dep't. Stores, Inc.</u>, 620 F.Supp. 1565, 1567 (D.R.I. 1986) (§1447(c), which authorizes court to dismiss for lack of subject-matter jurisdiction, requires district court to act <u>sua sponte</u> where appropriate).

The petition for removal is filed under 28 U.S.C. §1441. Only actions that could originally have been brought in federal district court may be removed under §1441. <u>Jefferson County v. Acker</u>, 527 U.S. 434, 430-431 (1999); <u>accord</u> <u>City of Boston v. Smith & Wesson</u>, 66 F.Supp.2d 246, 248 (D.Mass. 1999) (same). Thus, in order for this court to review petitioner's claims, it must either have (1)

federal question or (2) diversity subject-matter jurisdiction over them. See 28 U.S.C. §1441; 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1332 (diversity jurisdiction).

1. <u>No Basis for Federal Subject-Matter Jurisdiction Exists</u>

   a. <u>Federal question jurisdiction does not exist</u>

"Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In order for federal question jurisdiction to exist, a right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the <u>plaintiff's</u> properly pleaded claim for relief. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 391 (1987); cf. <u>Boston Police Dep't v. Moughalian</u>, 2001 WL 575507 at *1 (Mass. Ap. Div. Jan. 5, 2001) (the police department is the plaintiff in proceedings under Mass. Gen. Laws ch. 90C, §3). Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the plaintiff's complaint as it stands at the time the notice of removal is filed. See <u>Caterpillar</u>, 482 U.S. at 391.

No federal question is thus presented by Hill's petition. Although Hill challenges the fairness of the proceedings in state court because he wants a jury trial and complains that his

discovery requests have gone unanswered and that the conduct of the proceedings is in violation of his constitutional rights,[1] these claims can only amount, at most, to defenses (or, as will be seen infra, counter-claims) in the traffic violation proceedings, and cannot be considered in determining jurisdiction over the removal petition. Caterpillar, 482 U.S. at 393. Because no federal question exists, this Court does not have jurisdiction over the traffic violation proceeding under 28 U.S.C. §1331. See Anderson v. Chamberlain, 134 F.Supp.2d 156, 162 (D.Mass. 2001) (remanding case for lack of federal-question jurisdiction).

b. Diversity jurisdiction does not exist

District courts also have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). Diversity jurisdiction has two components: (1) a dispute between citizens of different states and (2) an amount in controversy in excess of

---

[1] The court expresses no view on whether Hill could file a civil complaint raising thses claims, as opposed to attempting to remove the state court proceedings to this court. But see Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (lower federal courts lack subject-matter jurisdiction to sit in direct review of state court decisions); Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (doctrine of judicial immunity protects judges from suit for any normal and routine judicial act and is an immunity from suit, not just from the ultimate assessment of damages); Town of Reading v. Murray, 541 N.E.2d 323, 324, 405 Mass. 415, 417 (1989) (police officer who issued the citation not required to attend and present evidence at the clerk-magistrate's hearing).

$75,000. 28 U.S.C. §1332(a).

Diversity of citizenship does not exist here because a suit between a state and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction. <u>Illinois v. City of Milwaukee</u>, 406 U.S. 91, 98 n.1 (1972); <u>accord</u> <u>Moor v. Alameda</u>, 411 U.S. 693, 717 (1973) (stating that there is no question that a State is <u>not</u> a citizen for purposes of diversity jurisdiction). Moreover, Hill received a $115.00 assessment in his traffic citation, <u>see</u> Ex. I (citation), an amount far below $75,000. See, e.g., <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938) (amount specified by plaintiff controls for jurisdictional purposes, as long as that amount is asserted in good faith; <u>State Farm Mut. Auto. Ins. Co. v. Narvaez</u>, 149 F.3d 1269, 1272 (10th Cir. 1998) (<u>sua</u> <u>sponte</u> directing district court to dismiss for lack of diversity jurisdiction when amount in controversy was exactly $50,000 and did not exceed then-existing requisite amount in controversy of $50,000); <u>Allen v. Rehman</u>, 132 F.Supp.2d 27, 29 (D.D.C. 2000) (dismissing <u>sua</u> <u>sponte</u> where plaintiff alleged $30,000 in damages; it was a "legal certainty" that plaintiff could not meet jurisdictional amount).

Because diversity jurisdiction does not exist, this court does not have original jurisdiction over the traffic violation proceeding under 28 U.S.C. §1332, and therefore this action is not properly removable. See <u>Northeast Federal Credit Union v. Neves</u>,

837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss where no diversity jurisdiction existed); see also Shannon v. Telco Communications, Inc., 824 F.2d 150, 151 (1st Cir. 1987) (action filed by Commonwealth and removed to district court was not within removal jurisdiction).

2. Removal is not proper under 28 U.S.C. §1443

The court has considered whether removal is appropriate under 28 U.S.C. §1443, even the pro se petitioner did not cite §1443 in his petition for removal. 28 U.S.C. §1443 reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. §1443(2) is clearly inapplicable, as the petitioner is not being sued for any act done under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law. The

Supreme Court has held:

> the second subsection of s 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.

City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 832 (1966).

Nor is §1443(a) applicable. To remove a case under §1443, the petitioner must meet a two-pronged test. First, he must show that "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality'." Johnson v. Mississippi, 421 U.S. 213, 219 (1975), citing Georgia v. Rachel, 384 U.S. 780, 792 (1966). Second, it must appear that the removal petitioner is denied or cannot enforce the specified federal right in the state courts. Id.

Hill has not met this test. In particular, he has not alleged that the rights at issue in this case are civil rights stated in terms of racial equality. In the absence of specific allegations involving rights in terms of racial equality, courts have refused to apply §1443, including in attempted removal of traffic offenses. See Chase v. California, 1998 WL 241551 at *4 (N.D.Cal. May 6, 1998), citing State of New Hampshire v. Bentley, 406 F.2d 1064 (1st Cir. 1969).

B. Petitioner's Amended Complaint Does Not Provide

Jurisdiction

Hill has also filed a Complaint, labeled "Amendment to Notice of Removal," and a Motion to Amend Complaint with an Amended Complaint.[2] The Amended Complaint is captioned:

> Jason H. Hill Pro Se,
> Plaintiff
>
> vs.
>
> Nancy Flavin, Assist. Clerk-Magistrate
>     Ware District Court, Ware, Mass., et al
> Defendants

The Complaint and Amended Complaint generally state that the various "defendants" violated his civil rights and are subject to suit under 42 U.S.C. §1983.

Hill is the defendant in the state case in which he filed the notice of removal. If removal were appropriate, he would continue to be the defendant, and not the plaintiff, in the case in federal court. The court is therefore construing his complaint against the various "defendants" as a counter-claim by a defendant. However,

---

[2] The court notes that the first Amendment was filed on March 22, 2004, well beyond the 30-day limit for filing the notice of removal under 28 U.S.C. §1446(b). Courts have held that amendment beyond the 30-day limit is allowed "only to set out more specifically the grounds for removal that already have been stated." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction, §3733 (1998). See Stein v. Sprint Communications Co., L.P., 968 F.Supp. 371, 375 (N.D.Ill. 1997) ("Most courts ... permit[] amendments only for 'technical defects' in the jurisdictional allegations in the notice of removal after the 30-day limit has expired."). The amendment, which stated numerous counter-claims against various parties, cannot be considered merely a remedying of a technical defect.

the fact that a counter-claim may invoke federal subject-matter jurisdiction does not give the court jurisdiction over the original claim. In Holmes Group, Inc. v. Vornado Air Circulation, 535 U.S. 826, 831-2 (2002), the Supreme Court rejected a rule that "would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim." It held, on the contrary, that "a counterclaim--which appears as part of the defendant's answer, not as part of the plaintiff's complaint--cannot serve as the basis for" federal question jurisdiction. Id. at 831. Given that the court does not have jurisdiction over the state case the petitioner is attempting to remove, the petitioner's raising of §1983 counter-claims does not give the court jurisdiction over the case.

This court is not expressing any view on the merits of Hill's counter-claims. He is free to raise them as counter-claims in his state court proceeding, or to file a separate complaint in federal court against the named parties. As removal is not proper, the court has no jurisdiction over the counter-claims at this time.

III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Hill's application to proceed in forma pauperis is DENIED as moot, as Hill has paid the filing fee.

2. Hill's Motion for Emergency Meeting is DENIED.

3. Hill's Motion to Amend Caption is DENIED.

4. Hill'S Motion to Amend Complaint for Relief is DENIED.

5. This action is REMANDED pursuant to 28 U.S.C. §1448(c) to Ware District Court, 71 South Street, Ware, Massachusetts 01082. The clerk is directed to send a certified copy of the record in this case to Ware District Court and to enter on a separate document a final judgment as follows: "This case is remanded to the court from which it was removed."

                                                          /s/ Charles L. Wary
                                                          UNITED STATES DISTRICT JUDGE